CASE UNSEALED PER ORDER OF COURT   13 JUN 28 PM 12:39

~~SEALED~~

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

February 2012 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. '13 CR 2399 CAB |
| Plaintiff, | **I N D I C T M E N T** |
| v. | Title 18, U.S.C., Sec. 1349 - Conspiracy to Commit Wire Fraud; Title 18, U.S.C., Sec. 1343 - Wire Fraud; Title 18, U.S.C., Sec. 2 - Aiding and Abetting; Title 18, U.S.C., Secs. 981(a)(1)(C) and 982(b), and Title 28, U.S.C., Sec. 2461(c) - Criminal Forfeiture |
| ROBERT BUSCH (1), JOSEPH TANGONAN (2), RODOLFO VILLAREAL (3), | |
| Defendants. | |

The grand jury charges:

### INTRODUCTORY ALLEGATIONS

1. Defendants ROBERT BUSCH ("BUSCH"), JOSEPH TANGONAN ("TANGONAN") and RODOLFO VILLAREAL ("VILLAREAL") solicited funds from investors under a variety of false pretenses, including through the entities "Wealth Defense Group" and "Lincoln Capital Holdings." Defendants used a website, e-mail communications, a "private placement memorandum," a "unit holders agreement," meetings at hotels, restaurants, and private homes, and other means to encourage individuals to invest in these entities.

//

//

DDL:nlv:San Diego
6/27/13



### Count 1 - Conspiracy to Commit Wire Fraud

### [18 U.S.C. § 1349]

2.  The introductory allegations contained in Paragraph 1 are realleged and incorporated by reference herein.

3.  Beginning on a date unknown to the grand jury and continuing through at least August 14, 2008, within the Southern District of California and elsewhere, defendants ROBERT BUSCH, JOSEPH TANGONAN and RODOLFO VILLAREAL did knowingly and wilfully conspire and agree with each other and with persons known and unknown to the grand jury to commit the offense of wire fraud – that is: to knowingly devise, with the intent to defraud, a material scheme to defraud and to obtain money and property from investors by means of materially false and fraudulent pretenses, representations and promises, and by concealment and omission of material facts, and to transmit and cause to be transmitted by means of wire communication in interstate commerce any writings, signs, and signals for the purpose of executing such scheme; all in violation of Title 18, United States Code, Section 1343.

### METHODS AND MEANS OF THE CONSPIRACY

4.  It was a part of the conspiracy that BUSCH, TANGONAN and VILLAREAL would seek to induce and did induce persons to invest funds with them, including through entities such as Wealth Defense Group and Lincoln Capital Holdings, by making, and causing others to make, the following materially false, fraudulent, and misleading representations, among others:

    a.  that investors could earn a profit by investing in a "humanitarian fund" through Wealth Defense Group;

    b.  that investments through Wealth Defense Group were risk-free and guaranteed to pay interest;

2

  c. that investments through Wealth Defense Group would be held in an escrow account;

  d. that investors could earn a profit by investing in a Swiss bank through Lincoln Capital Holdings;

  e. that investments through Lincoln Capital Holdings were risk-free and guaranteed to pay interest;

  f. that investors could join a "program" whereby the investor's funds would be "blocked" and would earn a guaranteed risk-free return;

  g. that investors could invest in an "international bill of exchange" to obtain "free money."

5. It was a further part of the conspiracy that BUSCH, TANGONAN and VILLAREAL would and did intentionally conceal from, and fail to disclose to, investors the following material facts, among others:

  a. BUSCH, TANGONAN and VILLAREAL would not, and did not, place investor funds in a "humanitarian fund" that would provide risk-free investments with guaranteed returns;

  b. BUSCH, TANGONAN and VILLAREAL would not, and did not, place investor funds with a Swiss bank, but instead would use the funds for their own personal gain;

  c. BUSCH, TANGONAN and VILLAREAL would not place investor funds in a "program" where investors can earn guaranteed returns simply by allowing funds in their bank accounts to be "blocked;" and

//
//

      d.    BUSCH, TANGONAN and VILLAREAL would not place investor funds in a "program" whereby investors could earn "free money" through an "international bill of exchange."

6.    It was a further part of the conspiracy that BUSCH, TANGONAN and VILLAREAL would provide investors with various documents, including a "Unit Holders Agreement," a "Letter of Intent - Request for Assistance," and a "Private Placement Agreement" purporting to memorialize the investments and instruct the investors to execute the documents.

7.    It was a further part of the conspiracy that BUSCH, TANGONAN and VILLAREAL would communicate with investors and send materials to investors through the wires, including electronic mail communications, webcasts and telephone calls.

8.    It was a further part of the conspiracy that BUSCH, TANGONAN and VILLAREAL converted to their own personal use and benefit a substantial portion of the funds received from their investment schemes.

9.    It was a further part of the conspiracy that BUSCH, TANGONAN and VILLAREAL would and did cause investor funds to be wired to each other and to other victims.

10.    It was a further part of the conspiracy that BUSCH, TANGONAN and VILLAREAL would and did lull investors about the continued viability of the investment schemes through materially false and fraudulent pretenses, representations and promises, and by intentional concealment and omission of material facts, including that investors would be repaid their principal and their promised interest.

All in violation of Title 18, United States Code, Section 1349.

## Count 2 - Wire Fraud

### [18 U.S.C. § 1343]

11. The allegations set forth in paragraphs 1 through 10 are hereby realleged and incorporated by reference herein.

12. Beginning on a date unknown to the grand jury, and continuing through at least August 14, 2008, defendants ROBERT BUSCH, JOSEPH TANGONAN and RODOLFO VILLAREAL knowingly devised and intended to devise, with the intent to defraud, a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and by intentional concealment and omission of material facts.

13. On or about the date set forth below, within the Southern District of California, and elsewhere, BUSCH, TANGONAN and VILLAREAL, for the purpose of executing the above-described material scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses and representations, and omissions of material fact, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce, the writings, signs, signals, pictures, and sounds set forth below:

| Date | Wire Transfer |
|---|---|
| 7/14/08 | $250,000 wire transfer from Wells Fargo Bank to Bank of America |

All in violation of Title 18, United States Code, Sections 1343 and 2.

//
//
//
//
//

## FORFEITURE ALLEGATIONS

14. The allegations contained in paragraphs 1 through 13 of this Indictment are realleged and incorporated by reference for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

15. As a result of the commission of the felony offenses alleged in Counts 1 and 2, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code Section 2461(c), defendants BUSCH, TANGONAN and VILLAREAL shall, upon conviction, forfeit to the United States all rights, title and interest in any and all property real and personal, which constitutes or is derived from proceeds traceable to the offenses, and any property traceable to such property.

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendants -

    (1)  cannot be located upon the exercise of due diligence;
    (2)  has been transferred or sold to, or deposited with, a third person;
    (3)  has been placed beyond the jurisdiction of the Court;
    (4)  has been substantially diminished in value; or
    (5)  has been commingled with other property which cannot be subdivided without difficulty;

//
//
//
//
//

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the said property listed above as being subject to forfeiture.

DATED: June 28, 2013.

A TRUE BILL.

_____
Foreperson

LAURA E. DUFFY
United States Attorney

By: _____
DAVID D. LESHNER
Assistant U.S. Attorney